UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

PATRICK BERNARD JONES,

    Plaintiff,

    v.      CAUSE NO. 1:23-CV-225-HAB-SLC

ASHLYNN ADAMS,

    Defendant.

OPINION AND ORDER

Patrick Bernard Jones, a prisoner without a lawyer, filed a complaint against Ashlynn Adams. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jones alleges that, on September 19, 2022, he asked Ashlynn Adams to forward mail addressed to the public defender representing him on charges in LaGrange County. He explained to Adams that a previous request to mail the item was denied because it was believed that it was directed to a public defender representing him on charges in a different county, which is impermissible under jail rules. He clarified that he was attempting to send the mail to the public defender representing him on charges

brought in LaGrange County. Adams told Jones to send another request to her personally indicating who she should forward the letter to. Somehow, in response to this request, a different letter to a different public defender in Steuben County was forwarded to the LaGrange County Courthouse, where it was file stamped and provided to the prosecutor. Jones's LaGrange County public defender indicated that the LaGrange County prosecutor intended to file multiple new charges against him based on the contents of the letter. He is now facing three additional felony charges. When Jones confronted Ashlynn Adams about the matter, she indicated that she knew she was not supposed to do it, but she did it anyway.

Inmates have a First Amendment right to send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "Legal mail" is a term of art referring only to mail to or from the inmate's legal counsel. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). An inmate's legal mail is entitled to greater protections because of the potential interference with his right of access to the courts and his right to counsel. *Rowe*, 196 F.3d at 782. Legal mail cannot be opened outside the inmate's presence to protect his privileged communications with his attorney, but it must be marked with an attorney's name and bear a warning on the envelope that it contains legal mail. *Kaufman*, 419 F.3d at 686.

Here, Jones has alleged that Ashlynn Adams interfered with legal mail directed to his attorney that contained privileged information by directing it to the court for filing instead of to the addressee. He further alleges that her interference was intentional and resulted in additional criminal charges being brought against him. It is

2

not entirely clear from the amended complaint what occurred. To the extent that the legal mail was sent to the court due to negligence, that does not state a claim. A mistake or negligence on the part of a prison employee is not enough to impose liability under section 1983. *See Hambright v. Kemper*, 705 F. App'x 461, 463 (7th Cir. 2017). However, giving Jones the benefit of all reasonable inferences, as the court must as this stage of the proceedings, he has alleged sufficient facts to proceed on a mail interference claim against Ashlynn Adams.

For these reasons, the court:

(1) GRANTS Patrick Bernard Jones leave to proceed against Ashlynn Adams in her individual capacity for compensatory and punitive damages for interfering with his legal mail, which included information protected by attorney-client privilege and resulted in additional criminal charges, in violation of the First Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ashlynn Adams at the LaGrange County Sheriff's Department, with a copy of this order and the amended complaint (ECF 6);

(4) ORDERS LaGrange County Sheriff to provide the full name, date of birth, and last known home address of the defendant, if she does not waive service and he has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ashlynn Adams to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

3

the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 25, 2024.

                                                s/ *Holly A. Brady*  
                                                CHIEF JUDGE HOLLY A. BRADY  
                                                UNITED STATES DISTRICT COURT